United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 02-11168
Summary Calendar

_____

JULIE DUNLOP ESPINOZA,

Plaintiff-Appellee,

VERSUS

TEXAS DEPARTMENT OF PUBLIC SAFETY; ET AL.,

Defendants,

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
m 3:00-CV-1975-L

_____

Before DAVIS, SMITH, and DENNIS,
   Circuit Judges.

PER CURIAM:[*]

Julie Espinoza sued the Texas Department of Public Safety ("TDPS") for alleged violations of title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Based on intervening decisions from the Supreme Court and this court,[1] Espinoza conceded that her ADA claim was barred by sovereign immunity[2] but maintained that her § 504 Rehabilitation Act claim for injunctive relief was not.

TDPS moved the district court to dismiss the § 504 claim on the basis of state sovereign immunity. Concluding that TDPS had waived its immunity from suit under § 504 of the Rehabilitation Act by accepting federal funds pursuant to 42 U.S.C. 2000d-7, the district court denied the motion to dismiss, and TDPS took this interlocutory appeal.

During the pendency of this appeal, we decided *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272 (5th Cir. 2005) (en banc), which, as TDPS has appropriately acknowledged in supplemental briefing, forecloses all but two of its arguments for reversing the denial of sovereign immunity: (1) that despite accepting federal funds conditioned on a waiver of immunity, it does not have authority, as a matter of state law, to waive immunity from suit in federal court; and (2) that §§ 504 and 2000d-7 fail the relatedness requirement set forth in *South Dakota v. Dole*, 483 U.S. 203 (1987). Although not addressed in *Pace*, those contentions are now foreclosed by in *Miller v. Tex. Tech Univ. Health Scis. Ctr.*, 2005 U.S. App. LEXIS 17244 (5th Cir. Aug. 15, 2005) (en banc).

Therefore, based on these precedents, we AFFIRM the denial of TDPS's motion to dismiss on the basis of state sovereign immunity, and we REMAND this matter for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) (holding that title I of the ADA did not validly abrogate state sovereign immunity pursuant to Section Five of the Fourteenth Amendment); *Reickenbacker v. Foster*, 274 F.3d 974 (5th Cir. 2001) (holding that title II of the ADA and § 504 the Rehabilitation Act, which offer protections almost identical to those of the ADA, did not validly abrogate state sovereign immunity pursuant to Section Five of the Fourteenth Amendment).

[2] Thereafter, on leave from the district court, Espinoza amended her complaint to assert an ADA claim against the director of the TDPS in his official capacity under *Ex Parte Young*, 209 U.S. 123 (1908), for which she sought prospective injunctive relief and attorney's fees. No challenge to this claim is presently before us.